IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARTHUR MCDONOUGH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 5:16-cv-1242 |
| | § | |
| | § | |
| VAALCO ENERGY, INC. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **ARTHUR MCDONOUGH**, hereafter referred to as "Mr. McDonough" or "Plaintiff," and files this his Original Complaint and Jury Demand against Defendant **VAALCO ENERGY, INC.** ("VAALCO"), and alleges violations of the Age Discrimination in Employment Act, 29 USC §§621-634, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001, *et seq.* For causes of action, Mr. McDonough would show this Court as follows:

## I.
## PARTIES

1. Plaintiff **ARTHUR MCDONOUGH** is a resident of Kerrville, Bexar County, Texas, and resides within the Western District of Texas, San Antonio Division.

2. Defendant, **VAALCO ENERGY, INC** is a foreign for profit corporation doing business within the Western District of Texas San Antonio Division. The Defendant may be served by serving its registered agent for service of process, CT Corporation System, by certified mail return receipt requested at 1999 Bryan Street Ste. 900, Dallas, TX 75201. However, a waiver of service has been requested.

1

## II.
## JURISDICTION AND VENUE

3.      There is diversity of citizenship between the parties.

4.      The Court has supplemental jurisdiction of McDonough's claims arising under Texas statutory law under 28 U.S.C. § 1367.

5.      Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

6.      At the time of filing, damages are within the jurisdictional limits of the court.

## III.
## MISNOMER / MISIDENTIFICATION

7.      In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

8.      Arthur McDonough was hired by Defendant in May of 2014 to work as an Instrument and Electrical Supervisor on Defendant's oil and gas platforms off the coast of Gabon Africa.

9.      In August of 2014 Mr. McDonough was told by his supervisors that he would no longer be able to work on Vaalco's Gabon projects because of his age and was terminated.

10.      Despite this, he was still asked to work for Defendant on two "month on" hitches in October and December of 2014.

11.      Plaintiff has not been offered the opportunity to work on other projects.

12.      There being no legitimate reason otherwise, Plaintiff contends that he was

2

terminated because of his age in violation of the ADEA and TCHRA.

## V.
## DISCRIMINATION, HARASSMENT, AND RETALIATION BASED ON AGE IN VIOLATION OF THE TEXAS LABOR CODE § 21.051, *et seq.* and THE AGE DISCRIMINATION IN EMPLOYMENT ACT

13.     The evidence will demonstrate:

   a.  Plaintiff belongs to a protected class based on age (60 years old at time of termination);

   b.  Plaintiff was qualified for his job;

   c.  Plaintiff was subject to adverse employment action(s); and

   d.  Plaintiff suffered the adverse employment action because of his age.

14.     McDonough re-alleges and reincorporates the allegations contained in the above Paragraphs as if fully contained herein.

15.     VAALCO's actions as described herein constitute unlawful discrimination on the basis of McDonough's age in violation of the ADEA.

## VI.
## RESPONDEAT SUPERIOR

16.     Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment.   Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## VII.
## DAMAGES

17.   Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

a.   Lost wages, past and future;

b.   Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

c.   Pecuniary losses; and punitive damages.

d.   Exemplary damages to be determined by the Jury.

e.   Reasonable attorney fees, expert fees and costs.

f.   Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

## VIII.
## ADMINISTRATIVE FILINGS

18.   Plaintiff has previously filed an EEOC Charge.

19.   Plaintiff dually filed his current original verified complaint, with the EEOC and the Texas Workforce Commission Civil Rights Division ("TWCCRD"), alleging that the Defendant had committed unlawful employment practices against Plaintiff.

20.   Thereafter, Plaintiff received a "Notice of Suit Rights," giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt.

## IX.
## ATTORNEY FEES

21.   Defendant's conduct as described in this petition and the resulting damage and loss

to Plaintiff has necessitated Plaintiff's retaining counsel.   Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

a.  Preparation and trial of the claim, in an amount the jury deems reasonable;

b.  Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

c.  An appeal to the Court of Appeals, in an amount the jury deems reasonable;

d.  Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

e.  Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## X.
## JURY DEMAND

22.  Plaintiff further demands a trial by jury.   A jury fee has been tendered.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Arthur McDonough requests Defendant Vaalco Energy Inc. be cited to appear and answer, and that on final trial, McDonough have judgment against Vaalco as follows:

1.  judgment against Vaalco for McDonough's actual damages, including lost wages and benefits (both front and back pay);

2.  judgment against Vaalco for compensatory damages in the maximum amount allowed by law and for punitive damages;

3.  an order that Vaalco take such other and further actions as may be necessary to redress Vaalco's violation of ADEA and TCHRA;

4.    pre-judgment and post-judgment interest at the maximum allowed by law;

5.    costs of suit, including attorneys' fees; and

6.    A trial by jury and such other and further relief, both at law and in equity, to which

McDonough may be justly entitled.

Respectfully Submitted,

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**


BY:    */s/ ALAN BRAUN*

**ADAM PONCIO**
STATE BAR NO. 16109800
**THOMAS N. CAMMACK, III**
STATE BAR NO. 24073762
**ALAN BRAUN**
STATE BAR NO. 24054488

**ATTORNEYS FOR PLAINTIFF**